UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| IN RE:<br><br>THE CONTENTS OF ACCOUNT NUMBER 100073160 HELD AT BANCO DO BRASIL, S.A., MIAMI, FLORIDA IN THE NAME OF JOSE CASSONI RODRIGUES GONCALVES, REGINA EUSEBIO GONCALVES, THIAGO C. RODRIGUES GONCALVES, MARINA EUSEBIO GONCALVES, AND ALL ASSETS TRACEABLE THERETO,<br><br>THE CONTENTS OF ACCOUNT NUMBER NA8001268 HELD AT BANCO DO BRASIL SECURITIES LLC, MAIMI, FLORIDA IN THE NAME OF JOSE CASSONI RODRIGUES GONCALVES, REGINA EUSEBIO GONCALVES, THIAGO C. RODRIGUES GONCALVES, MARINA EUSEBIO GONCALVES, AND ALL ASSETS TRACEABLE THERETO, and<br><br>THE CONTENTS OF ACCOUNT NUMBER 147734 HELD AT CREDIT AGRICOLE PRIVATE BANKING MIAMI, MIAMI, FLORIDA IN THE NAME OF TOURELLE EQUITIES S.A, AND ALL ASSETS TRACEABLE THERETO. | **Case No. 12-mc-00188 (TJK)** |

## STATUS REPORT

The United States of America, by and through its undersigned attorneys, respectfully submits the following status report in response to this Court's order dated February 19, 2025. As explained below, the proceedings in courts in Brazil are still pending. Therefore, the assets should continue to be restrained by this Court.

## I. BACKGROUND

On March 23, 2012, the United States filed an *Ex Parte* Application to Register and Enforce a Foreign Restraining Order Pursuant to 28 U.S.C. § 2467(d)(3).  *See* United States' Application, ECF 1.  As set forth in the Application, the United States sought to enforce a foreign restraining order issued by the 2nd Federal Criminal Court Specialized in Financial and Money Laundering Crimes, 1st Judiciary Subsection, in São Paolo, Brazil to restrain certain assets located in the United States.  The Application was made in conjunction with the ongoing criminal prosecution in Brazil of the owner of the captioned assets and his co-conspirators for corruption, money laundering, tax evasion, and criminal organization.

On March 26, 2012, this Court issued an order pursuant to 28 U.S.C. § 2467(d)(3)(A) and 18 U.S.C. § 983(j)(1)(A) registering and enforcing the restraining order issued by the Brazilian court against three specified bank accounts held in Miami, Florida at Banco do Brasil, S.A., Banco do Brazil Securities LLC, and Credit Agricole.  *See* March 26, 2012 Restraining Order, ECF 2.  In its order, this Court held that "[t]he terms of this Order shall remain in full force and effect until the Brazilian criminal proceedings are concluded and any forfeiture judgment or confiscation order obtained thereby has been presented for enforcement to this Court, or until said Assets are sought by Brazilian authorities to be released." *Id.* at 4.

On October 7, 2021, to accommodate a request from the custodian of the captioned account in the name of Tourelle Equities S.A. (the "Tourelle Account") that the United States remove the Tourelle Account from its stewardship,[1] the United States moved this Court to modify the March 26, 2012 restraining order, and to enforce and register a Brazilian court order issued on August 30,

---

[1] As detailed in the United States' Motion to Modify Restraining Order (ECF 22), as a result of an acquisition of the custodian by Santander Private Bank, the custodian can no longer hold the Tourelle Account.

2021 by the 2nd Federal Criminal Court of São Paolo, Brazil authorizing an interlocutory sale of the Tourelle Account in order to continue to preserve the value of the contents of the Tourelle Account for forfeiture.  *See* U.S. Motion to Modify Restraining Order, ECF 22.  On October 11, 2021, this Court granted the United States' motion and entered an Order authorizing the interlocutory sale of the Tourelle Account consistent with the Brazilian interlocutory sale order (ECF 23).  On December 10, 2021, the United States sought amendments to the October 11, 2021 Order to avoid any ambiguity in the interpretation of the earlier order (ECF 24).  This Court granted the motion and entered the Amended Order on December 13, 2021 (ECF 25).  The United States subsequently sent the notice letter along with this Court's December 13, 2021 Order to the Department of Justice Criminal Division's Office International Affairs (the "OIA") requesting that the government of Brazil notify the beneficial owners of the Tourelle Account of this Court's order.  As stated in the prior status report, Brazilian authorities received the United States' MLAT Request to notify all the defendant/beneficial owners of the Tourelle Account of this Court's December 13, 2021 order.  On February 9, 2023, Brazilian authorities advised that they provided the notice to the beneficial owners' counsel who refused to accept the notice.[2]  In addition, pursuant to this Court's Order, all holdings of value in the Tourelle Account have been liquidated and transferred to the escrow account maintained for seized assets pending forfeiture by the U.S. Department of Homeland Security.

On August 7, 2023, the United States moved this Court to again modify the March 26, 2012 Restraining Order, and enforce and register a Brazilian court order issued on July 12, 2023 by the 2nd Federal Criminal Court of São Paolo, Brazil authorizing a transfer of any and all funds

---

[2] Given the fact that the counsel represent the beneficial owners/defendants in their criminal proceedings, the counsel should have actual notice of the Brazilian court's August 30, 2021 order that authorized liquidation of the Tourelle Account and Brazil's request to the United States for enforcement.

from the captioned account 100073160 held at Banco Do Brasil, S.A., Miami, Florida in the name of Jose Cassoni Rodrigues Goncalves, Regina Eusebio Goncalves, Thiago C. Rodrigues Goncalves, Marina Eusebio Goncalves (the "Banco Do Brasil Account") to the Treasury Suspense account.  *See* U.S. Motion to Modify Restraining Order, ECF 29.  The Brazilian July 2023 Order and the United States' Motion arose from a request by the custodian of the Banco Do Brasil Account to close the account and transfer the funds.  The custodian of the Banco Do Brasil Account advised that the bank would terminate its US operations and therefore would no longer have the ability to maintain the Banco Do Brasil Account.  *Id.*  On August 8, 2023, this Court granted the United States' motion and entered an Order authorizing a transfer of any and all funds from the Banco Do Brasil Account to the Treasury Suspense account as substitute *res* pending the resolution of the forfeiture litigation in Brazil.  *See* Second Modified Restraining Order, ECF 30.  On August 9, 2023, the United States promptly sent a notice letter along with this Court's August 8, 2023 Order to the OIA requesting that the government of Brazil notify the beneficial owners of the Banco Do Brasil Account of this Court's Order.  In executing the Order, the United States Department of Homeland Security subsequently worked with the custodian of the Banco Do Brasil Account and transferred any and all funds from the Banco Do Brasil Account to the Treasury Suspense account.  On September 6, 2023, Federal Prosecutor's Office in Brazil via its Central Authority transmitted a letter advising that in providing notice of this Court's August 8, 2023 Order to the interested parties, it had moved the 2nd Federal Criminal Court of São Paolo which issued the July 2023 interlocutory sale order, to summon the beneficial owners of the Banco Do Brasil Account. On February 25, 2025, Brazilian authorities advised that the beneficial owners' counsel has once again refused to acknowledge the notice of this Court's August 8, 2023 Order[3], mirroring

---

[3] The counsel for the beneficial owners should have actual notice of the Brazilian court's July 12, 2023 order that

their previous refusal to accept the notice of this Court December 13, 2021 Order.

## II.   STATUS REPORT

The captioned assets remain restrained pursuant to this Court's order and cannot be dissipated.

As stated in the prior status reports, Jose Cassoni Rodrigues Goncalves (Goncalves) was apprehended by Brazilian Federal Police in 2014. Goncalves' apprehension resulted in the initiation of a separate criminal proceeding against him individually in 2014 (the "2014 criminal proceeding"), and a dismissal of Goncalves from the previous criminal proceeding filed in the Brazilian court in 2011 (the "2011 criminal proceeding"). In the 2011 criminal proceeding, other defendants including Goncalves' wife and children, remain under prosecution.

As stated in the previous reports, on June 28, 2018, the Brazilian authorities advised that pursuant to a court order, the 2011 proceeding and 2014 proceeding were again consolidated. On July 8, 2019, the Brazilian authorities advised that on March 14, 2019, the Brazilian court denied Goncalves' motion to lift the restraint against the captioned assets in the United States, opining that although the tax evasion count was dismissed, the money laundering count still stands and that the freezing of the captioned assets in the U.S. is premised upon the money laundering charges; therefore, the restraint should remain.

As stated in the prior reports, the Brazilian Federal Prosecution Service in São Paulo presented the Government's closing arguments on December 9, 2019 and April 5, 2021, requesting the conviction of all defendants charged in the proceeding including defendant Goncalves. On June 28, 2021, pursuant to the court's order, each defendant presented their

---

authorized liquidation of the Banco Do Brasil Account and Brazil's MLAT request to the United States for enforcement since they represent the defendants/the beneficial owners in their criminal proceedings in Brazil.

closing argument. With the defendants' presentation of final arguments made on March 7, 2022, the criminal evidentiary presentation was completed and pending criminal judgment. During the pendency of the judgment, defendant Goncalves proposed a non-prosecution agreement to resolve the case which was rejected by the Brazilian Federal Prosecution Service on December 14, 2022. Goncalves and his family members filed a Habeas Corpus petition which was unanimously denied by the 11th Penal of the Federal Regional Court for the 3rd Region. In December 2023, the Brazilian authorities provided further updates advising that on September 5, 2023, the 2nd Federal Criminal Court of São Paolo entered the criminal judgment against the defendant Goncalves who was convicted of corruption under Article 3, II, of Law 8,317/90 and sentenced to five years and six months' imprisonment. By the same judgement, Goncalves and his family members were acquitted of money laundering. Defendant Goncalves appealed his conviction to the Federal Regional Court for the 3rd Region. As reported in the prior filing with this Court, the 2nd Federal Criminal Court of São Paolo specifically upheld of the continued restraint of the captioned accounts in this matter, holding that notwithstanding acquittal of Goncalves and his family members of money laundering, the assets presently restrained were obtained by defendant Goncalves who was convicted of corruption which provided a basis for continued restraint. As stated in the last report, on July 29, 2024, in an official letter transmitted to the Department's OIA, the Brazilian authorities advised that the Defendant Goncalves' appeal at the Federal Regional Court for the 3rd Region was presently pending and reaffirmed the ruling by the 2nd Federal Criminal Court of São Paolo which held the continued restrained of the captioned assets in this matter. On February 24, 2025, Brazilian authorities' official letter reiterated the appeal is still pending and requested the continued restraint of the captioned assets.

    Brazilian authorities have not informed nor is the United States aware of any issues which

have arisen concerning the validity of the original, November 21, 2011 Brazilian restraining order that the United States enforced through this Court. The Brazilian authorities have requested that the United States continue to restrain the assets until their criminal proceedings have concluded. The United States will continue to coordinate with our Brazilian counterparts to provide status reports to this Court as requested.

February 25, 2025

                Respectfully submitted,

                MARGARET A. MOESER, CHIEF
                MONEY LAUNDERING AND ASSET
                  RECOVERY SECTION

By: /s/ Jennifer Wallis
     Jennifer Wallis
     Trial Attorney
     Money Laundering and Asset
     Recovery Section
     United States Department of Justice
     1400 New York Avenue, NW
     Bond Building, Suite 10100
     Washington, DC  20005
     Telephone:   (202) 514-1263
     Email: Jennifer.Wallis@usdoj.gov